AB

#350

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Adonis Zabala
2413 South Fairhill Street
Philadelphia, PA 19148

Plaintiff,

v.

City of Philadelphia
1515 Arch Street
Philadelphia, PA 19102

And

Officer Duffy, individually and in his
Official Capacity as a Police Officer
in the Philadelphia City Police Department
One Franklin Square
Philadelphia, PA 19106

And

Officer Duffy, individually and in his
Official Capacity as a Police Officer
in the Philadelphia City Police Department
One Franklin Square
Philadelphia, PA 19106

And

Sylvester Johnson
Individually and in his
Official Capacity as Police Commissioner
Of the City of Philadelphia
One Franklin Square
Philadelphia, PA 19106

And

Sergeant Charleston
Individually and in his
Official Capacity as a Police Officer
In the City of Philadelphia
Police Department

CIVIL ACTION NO.:

10 787

FILED
FEB 23 2010
MICHAEL E. KUNZ, Clerk
By _________ Dep. Clerk

Jury of Twelve (12) Jurors Demanded

One Franklin Square
Philadelphia, PA 19106

And

John Does 1-10

Defendants.

**CIVIL ACTION COMPLAINT**

**I. Preliminary Statement**

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' civil rights violations arising from Plaintiff, Adonis Zabala's unlawful arrest, prosecution, injury and harassment.

2. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "discovery rule" and the doctrine(s) of equitable tolling/fraudulent concealment, respectively.

4. Plaintiff, Adonis Zabala ("Plaintiff"), was wrongfully subjected to an unlawful seizure, search, arrest, detainment, and subsequent prosecution, as well excessive force. Plaintiff's unlawful arrest and detainer was the direct result of the pervasive, intentional and systematic misconduct of the individual Defendants (including John Does) and the failure of Defendant, City of Philadelphia, to properly train, supervise and discipline the individual Defendants and other John Doe officers regarding their constitutional duty to conduct criminal investigations in good faith, as well as to refrain from violation of citizens' constitutional rights.

## II. Jurisdiction and Venue

5. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. § 1331; supplemental jurisdiction or state law claim is granted by 28 U.S.C. § 1367.

6. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

## III. Parties

7. Plaintiff, Adonis Zabala, is an adult individual currently residing at the above-captioned address.

8. Defendant, Officer Duffy ("Duffy No. 1"), was at all times material hereto an officer with Defendant, City of Philadelphia Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and he was operating in his official capacity as an employee, worker, or agent of Co-Defendants (see below) at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

9. Defendant, Officer Duffy ("Duffy No. 2"), was at all times material hereto an officer with Defendant, City of Philadelphia Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and he was operating in his official capacity as an employee, worker, and/or agent of Co-Defendants (see below) at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

10. Defendant, City of Philadelphia ("City"), is a municipality, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at

the above-listed address, and owns, operates, manages, directs and controls Defendant, Police Department, which employ Defendants, Duffy No. 1, Duffy No. 2 and other officers who violated Plaintiff's constitutional rights, Defendants, John Does 1-10.

11. Defendant, City of Philadelphia Police Department, ("Police Department"), is a municipal entity with agents authorized to receive services of process at the above-listed address.

12. Defendant, Sylvester Johnson was Police Commissioner for the City of Philadelphia Police Department (at all times material hereto , and "Police Commissioner"), is a municipal authority with agents authorized to receive service of process at the above-listed address.

13. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## IV. Operative Facts

14. On or about March 19, 2009, Plaintiff, Adonis Zabala, parked his Ford Explorer on Fairhill Street within one block of his residence.

15. As he was sitting in his car, at approximately 5:30 p.m., he observed a police car pull behind his vehicle and park.

16. Two police officers, Defendants, Duffy No. 1 and Duffy No. 2, exited the police car.

17. Duffy No. 1 approached the driver's side window of Plaintiff's vehicle and yelled at him to "get the fuck out of the car."

18. Alarmed, Plaintiff asked Duffy No. 1 what he had done wrong, and what he was being pulled over for - Duffy No. 1 yelled at Plaintiff repeatedly to "get the fuck out of the car."

19. Duffy No. 1 never gave any reason why Plaintiff was being seized.

20. Meanwhile, Duffy No. 2 approached the passenger side of the vehicle and hit the rear passenger window with a metal club, smashing the glass.

21. Fearing for his life and safety, Plaintiff did not get out of the car but instead he drove away and circled the block.

22. Plaintiff parked his vehicle one block from his residence and ran home.

23. Approximately one or two days prior to the incident described above, Plaintiff witnessed Duffy No. 1 and Duffy No. 2 arrest and physically beat another individual from the neighborhood. The identity of this individual is unknown, however, that individual was ultimately arrested and placed in a squad car.

24. Upon information and belief, the harassment Plaintiff received from Duffy No. 1 and Duffy No. 2 was intimidation arising from Plaintiff eye-witnessing the unidentified individual being beaten and arrested the day before.

25. As was known to Duffy No. 1 and Duffy No. 2, Plaintiff took a video on his camera phone of the arrest and beating of the unidentified individual.

26. Once home, on March 19, 2009, Plaintiff called 911 and was routed to the Fourth Police District to report the harassment and vandalism by Duffy No. 1 and Duffy No. 2.

27. Sergeant Charleston was dispatched to Plaintiff's home.

28. Charleston knocked on the front door of Plaintiff's residence, and Plaintiff answered.

29. Sergeant Charleston called Plaintiff a "spic" and yelled at Plaintiff to "get his spic-ass outside."

30. Once outside, Plaintiff was grabbed by the police, swept off his feet, placed in a prone position face down on the sidewalk outside, and handcuffed behind his back.

31. At this point, Plaintiff still had no idea why he was being arrested or detained.

32. The police then searched Plaintiff's vehicle without reasonable suspicion or probable cause.

33. The police advised Plaintiff that because of his broken window, his car was unoccupied and unsecured thereby giving the police justification to search.

34. The only reason the car was "unoccupied and unsecured" was because of the window which was broken less than one hour prior to that by Duffy No. 2.

35. Plaintiff was placed in a squad car after being handcuffed.

36. While sitting in the squad car, the door was opened and one unidentified police officer, Defendant, John Doe, punched Plaintiff in the left side of his face.

37. After being punched in the face, Plaintiff was placed in a different squad car where he was driven around the block and verbally harassed.

38. Plaintiff was advised by the police officer driving that car that the arrest and harassment was retribution for Plaintiff's desire to file a police report against Duffy No. 1 and Duffy No. 2, arising from the prior police assault.

39. Plaintiff was eventually arrested for DUI.

40. Plaintiff was not given a field sobriety test.

41. Plaintiff was not given a breathalyzer test.

42. Plaintiff was given a blood test which was returned 0.04 BAC, well under the threshold for DUI.

43. The DUI charge was resolved when Plaintiff agreed to enter a diversion Accelerated Rehabilitation Disposition program in which the record of his arrest will be forever expunged.

44. Defendants, City and Police Department, failed, with deliberate indifference, to properly train, supervise, and discipline its police officers with respect to their constitutional obligations

to refrain from the use of retaliation, illegal searches and seizures, excessive force, as well as malicious and selective prosecution.

45. As a result of this failure to train, supervise, and discipline the individual detective and other officers within the police department, with respect to their constitutional duties and obligations, Defendants, Police Department and City, caused the constitutional violations and other conduct alleged in this Complaint.

46. The conduct of Defendant, Police Department and City, was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.

DAMAGES

47. The actions of Defendants deprived Plaintiff of his rights, inter alia, guaranteed under the First, Fourth and Fourteenth Amendments of the United States constitution; 42 U.S.C. §§ 1981, 1983, 1985, and 1988; and the laws of the Commonwealth of Pennsylvania.

## V. Causes of Action

**COUNT I**
CIVIL RIGHTS VIOLATION
PLAINTIFF V. DUFFY NO. 1, DUFFY NO. 2 AND JOHN DOES, IN THEIR INDIVIDUAL CAPACITIES

48. Plaintiff incorporated paragraphs 1 through 47 above as fully set forth at length herein.

49. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled constitutional and other civil rights.

50. Defendants caused Plaintiff to suffer violations including selective prosecution, false arrest, malicious prosecution, and Plaintiff's right to equal protection, as well as violations of Plaintiff's rights to be free from unlawful search and seizure, excessive force, intimidation and

retribution, and racial animus all in violation of the IV and XIV Amendments to the United States constitution.

**COUNT II**

CIVIL RIGHTS VIOLATION – *MONELL*

PLAINTIFF V. CITY, CHIEF, JOHN DOES, AND INDIVIDUAL POLICE OFFICERS, IN THEIR OFFICIAL CAPACITIES

51. Plaintiff incorporated paragraphs 1 through 50 as if fully set forth herein.

52. Defendants have developed and maintained policies, practices and customs exhibiting deliberate indifference to the constitutional right of persons within the geographic and jurisdictional limits of Philadelphia County, especially Hispanics, which caused violations of Plaintiff's constitutional and other rights.

53. Specifically, Defendant failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including but not limited to, the nature and existence of lawful cause, evaluation of character and evidence, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

54. The actions in conduct of Defendants, Duffy No. 1, Duffy No. 2, and Sergeant Charleston, and John Does 1 through 10, was caused by the failure of the Defendants, with deliberate indifference, to properly train, control or supervise these police officers with respect to their investigative power in accordance with the United States constitution and the Pennsylvania constitution.

55. The above-described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of those within the City of Philadelphia, such as Plaintiff, and were the caused of the violations of Plaintiff's rights as set forth herein.

**COUNT III**
CIVIL RIGHTS VIOLATION – CONSPIRACY
PLAINTIFF V. DEFENDANTS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

56. Plaintiff incorporated paragraphs 1 through 55 as if fully set forth herein.

57. The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1985-1986, prohibits conspiracies to interfere with civil rights.

58. Defendants violated 42 U.S.C. § 1985 in that they conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny Plaintiff the protection of the laws and to injure him.

59. Defendants searched, charged, stopped, and prosecuted Plaintiff because he is Hispanic and to deprive Plaintiff of his equal protection of the law.

60. Defendants searched, charged, stopped and prosecuted Plaintiff as retribution for his witnessing an earlier attack by said officers upon an unidentified person.

61. Defendants, Duffy No. 1, Duffy No. 2 and Charleston participated in the wrongful search and seizure, charge, arrest and prosecution of Plaintiff.

62. Defendants have done and have caused to be done acts in furtherance of this conspiracy whereby Plaintiff has been injured and has been deprived of his rights and privileges as a citizen of the United States.

63. Defendants had actual knowledge of the conspiracies to deprive Plaintiff of his rights, and had the power and opportunity to prevent the violations from occurring and continuing and failed to do so.

**COUNT IV**
STATE LAW CLAIMS – ASSAULT AND BATTERY
PLAINTIFF V. JOHN DOES, AND INDIVIDUAL POLICE OFFICERS

64. Plaintiff incorporated paragraphs 1 through 63 as if fully set forth herein.

65. Plaintiff has a right to be free from unwanted and offensive or harmful intrusions upon his own body.

66. Defendants aforementioned conduct represents an intentional, unwanted and offensive contact of Plaintiff.

67. Defendants acted without permission or consent of the Plaintiff.

68. As a direct and proximate result of the foregoing, Plaintiff has sustained injuries, more fully described above.

## VI. Prayer for Relief

69. WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, plus such other and further relief as this Honorable Court deems necessary and just and to order the following in relief:

A. Injunctive relief including but not limited to monitoring and education;
B. Statutory damages;
C. Compensatory damages, including;
   i. Actual damages for financial injury, pain and suffering, and emotional distress
   ii. Compensation for tort damages as a result of the bodily injury sustained by Plaintiff;
   iii. Attorney's fees and expenses, and cost of suit; and
D. Punitive damages.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff