**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

| | | |
|---|---|---|
| **ADONIS ZABALA,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 10-787** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

NOW, this _____ day of _____, 2010 upon consideration of Defendant's Motion for Summary Judgment and upon consideration of the briefs of the parties,

**IT IS ORDERED** that the motion is granted and that Plaintiff's claims of false arrest, malicious prosecution, Equal Protection, conspiracy, and all claims against the Defendant City of Philadelphia are dismissed with prejudice.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

| | | |
|---|---|---|
| **ADONIS ZABALA,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 10-787** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant City of Philadelphia, Police Officer Kevin Duffy, Police Officer Daniel Duffy and Sergeant Charleston, hereinafter "movants" or "moving defendants", by and through undersigned counsel, Genelle Franklin, hereby moves this Honorable Court for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In support of its motion, Defendants incorporate the attached Memorandum of Law dated October 29, 2010.

**Wherefore,** Movants respectfully requests that this Honorable Court grant the Motion for Summary Judgment.


Date: October 29, 2010_____

Respectfully Submitted,

__ s/ Genelle Franklin_____
Genelle Franklin
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19107
(215) 683-5444

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

| | | |
|---|---|---|
| **ADONIS ZABALA,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 10-787** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants City of Philadelphia, Police Officer Kevin Duffy, Police Officer Daniel

Duffy, and Sgt. Donald Charleston (hereinafter, "moving defendants" or "defendants"), by and

through undersigned counsel, hereby file this memorandum of law in support of their motion for

partial summery judgment.

**I.      INTRODUCTION AND CASE SUMMARY**

Plaintiff filed a Complaint initiating this action on February 23, 2010.   Plaintiff's

Complaint asserts claims pursuant to 42 U.S.C. §1983 for violations of Plaintiff's rights under

the Fourth and Fourteenth amendments.   See Plaintiff's Complaint, attached hereto as Exhibit

"A," Count I.  Plaintiff further asserts claims against Police Officers Daniel and Kevin Duffy and

Sgt. Charleston pursuant to 42 U.S.C. §§ 1985 and 1986 for conspiracy to interfere with his civil

rights.  Id. at Count III.   Count II of Plaintiff's Complaint asserts a cause of action against

Defendant City of Philadelphia under the Monell doctrine.   Finally, plaintiff asserts state tort

claims of assault and battery.

Discovery is now closed and the Plaintiff has not produced sufficient evidence to support

his Monell, conspiracy, equal protection, malicious prosecution or false arrest claims.  For this

reason, Defendants file the instant motion for partial summary judgment.

## II.    FACTS

Although the parties are in disagreement as to a number of material facts in this case, Defendants submit the following facts as undisputed for the purpose of this motion:

On March 19, 2009, Plaintiff was involved in a stop on the 2400 block of Fairhill Street in Philadelphia, Pennsylvania with Police Officers Daniel Duffy and Kevin Duffy.  Plaintiff's Deposition at 11:24 – 12:3, 13:2-8; attached hereto as Exhibit "A".  During this stop, Officer Kevin Duffy struck Plaintiff's car with his baton, breaking the rear passenger window.  Id. at 16:1-3.  Plaintiff left the scene of the initial encounter in order to confront the officers, but then decided that it would not be in his best interest to do so.  Id. at 16:12 – 17:2.  He then went to his residence and called 911 in order to make a complaint against the police.  Id. at 17:2 – 5.  Prior to responding to the call for a complaint against police, Officers Daniel and Kevin Duffy observed Plaintiff's car unattended and open and found prescription pills in an unmarked prescription bottle in the rear of Plaintiff's vehicle.  Deposition Transcript of Daniel Duffy at 12:10- 13:14, attached hereto as Exhibit "B".

A radio call for a supervisor at Plaintiff's residence was issue and Sgt. Charleston and Police Officer Daniel Duffy responded to this call. Exhibit A at 30:5-6.  Plaintiff was arrested and charged with possession, driving under the influence and fleeing police officers.  Id. at 45:23 – 46:1. Instead of going to trial on these charges, Plaintiff entered into the Accelerated Rehabilitative Disposition ("ARD").  Id. at 46:5-10.  As of September 14, 2010, Plaintiff only needed to attend highway safety classes to complete the ARD program. Id. at 46:22 – 47:3.

## III.    SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). Furthermore,

"[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings." <u>Poles v. St. Joseph's Univ.</u>, 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing <u>Celotex</u>, 477 U.S. at 325). "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." <u>Id.</u>

## IV.    ARGUMENT
### A.    FALSE ARREST AND MALICIOUS PROSECUTION

Plaintiff alleges in Count I of his Complaint that the individual defendants violated his rights under the Fourth and Fourteenth Amendments by subjecting him to false arrest and malicious prosecution. In <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), the Supreme Court addressed the burden of proof imposed upon a plaintiff in order to prevail in a malicious prosecution claim brought pursuant to § 1983. Plaintiff must demonstrate: 1) that the defendant initiated criminal proceedings; 2) the criminal proceedings ended in plaintiff's favor; 3) the proceedings were initiated without probable cause; and 4) that the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff has suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. <u>Id.</u>; <u>see also</u>, <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 601 (3rd Cir, 2005). In order to succeed on a claim of false arrest, Plaintiff must show that the officers lacked probable cause at the time of his arrest. However, due to Plaintiff's participation in the ARD program, can not satisfy the requirements of either of these claims.

The Alternative sentencing programs are special voluntary pre-trial intervention opportunities for first time offenders charged with minor crimes, who have their charges expunged if they complete a successful probationary period. Pa. R. Crim. P. 300 *et seq.*; <u>Lihota v. DOT</u>, 811 A.2d 1117, 1118 n.2 (Pa. Commw. 2002). It seeks to rehabilitate rather than punish, while promptly disposing of minor charges. *<u>Id.</u>*

While alternative programs are a court-supervised compromise, whereby the defendant does not admit guilt, "[t]he [alternative} program imposes several burdens upon the criminal defendant *not consistent with innocence*, including a probationary term, restitution . . . imposition of costs, . . . a reasonable charge [for] administering the program, and such other conditions as may be agreed to by the parties." Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005).  Alternative programs may also be "statutorily construed as a conviction for purposes of computing sentences on subsequent convictions."  Pa. R. Crim. P. 312 (Comment); *see also* Lihota, 811 A.2d at 1119. Finally, because it is not consistent with innocence, alternative programs have been repeatedly held not to be a favorable termination for purposes of bringing a subsequent malicious prosecution claim.  *See* Gilles, 427 F.2d at 211; Junod v. Bader, 312 Pa. Super. 92, 97, 458 A.2d 251, 253 (1983).

The Third Circuit has specifically addressed the issue of whether a Plaintiff who has participated in an ARD or similar program can subsequently assert a malicious prosecution claim related to those charges. In Gilles, the Third Circuit held that the disposition of criminal charges through plaintiff's participation in the ARD program does not meet the favorable outcome requirement.  427 F.3d 197 (3d Cir. 2005), see also Fuchs v. Mercer County, 260 Fed.Appx. 472, 474 (3d Cir. 2008).  Plaintiff admittedly participated in the ARD program in order to dispose of these charges.  Therefore, he has not obtained a favorable outcome on the underlying criminal charges and his claim of malicious prosecution must fail.

Similarly, his participation also bars his claim for false arrest.  Public policy concerns support the conclusion that acceptance of alternative programs establish probable cause so as to preclude a civil suit claiming the arrest was unjustified.  There would be a chilling effect on prosecutors' willingness to enter into these type of arrangements if defendants could accept and

get the benefits of alternative programs, and then simply turn around and sue. *See* <u>Taylor v. Gregg</u>, 36 F.3d 453, 456 (5th Cir. 1994), *overruled in part on other grounds by* <u>Castellano v. Fragozo</u>, 352 F.3d 939, 949 (5th Cir. Tex. 2003); <u>Singleton v. City of New York</u>, 632 F.2d 185, 194 (2d Cir. 1980). Additionally, no purpose would be served in dismissing a criminal case if the issue of guilt or innocence were postponed and litigated in a civil suit. The more prudent, and less wasteful, course, would simply be to bring the pending criminal case to trial. <u>Taylor</u>, 36 F.3d at 456; <u>Singleton</u>, 632 F.2d at 194.

Therefore, by accepting alternative programs and receiving its benefits, plaintiffs has conceded probable cause, and effectively gave up his potential civil suit in exchange for conditional dismissal of his criminal charges. *See* <u>Roesch v. Otarola</u>, 980 F.2d 850, 853 (2d Cir. 1992) (acceptance of deferred adjudication precluded, as a matter of law, claim for malicious prosecution, false arrest, and unjust imprisonment); <u>DeLeon v. City of Corpus Christi</u>, 2005 U.S. Dist. LEXIS 44191, *6 (S.D. Tex. 2005) (acceptance of deferred adjudication establishes, as a matter of law, that the officer had probable cause to arrest and is fatal to claims for false arrest, false imprisonment, and malicious prosecution), *affirmed by* 488 F.3d 649 (5th Cir. 2007); <u>Molina v. City of New York</u>, 814 N.Y.S.2d 120, 121, 28 A.D.3d 372, 372 (2006) (arrestee's acceptance of deferred adjudication operated as a waiver of his right to challenge whether there was probable cause for his arrest and rendered untenable his claims for false arrest and imprisonment), *reargument denied*, 2006 N.Y. App. Div. LEXIS 9260 (N.Y. App. Div. 1st Dep't July 13, 2006).

Accordingly, Plaintiff's claim of false arrest should be dismissed. Allowing Plaintiff to proceed and potentially recover on a claim of false arrest would permit plaintiff to challenge his

sentence and could potentially result in a finding inconsistent with the disposition of his criminal charges.


### C.   EQUAL PROTECTION

The Equal Protection Clause forbids a State from denying "to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  The right of equal protection may be violated "when the state distinguishes between individuals based on unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective." Bernheim v. Litt, 79 F.3d 318, 323 (2d. Cir. 1996) (quotation marks omitted).

"Under the Equal Protection Clause, persons who are similarly situated should be treated in the same manner. *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).In order to prevail on a claim based on the Equal Protection clause of the 14th Amendment, Plaintiff must develop sufficient evidence that establishes that "persons similarly situated have [been treated differently than she has been treated]" and "that the decisions were made on the basis of an unjustifiable standard." See Bethune v. Warden, 2005 U.S. Dist. LEXIS 170 at *11 (E.D. Pa. January 5, 2005) citing Gov't of the Virgin Islands v. Harrigan, 791 F.2d 34, 36 (3d Cir. 1986).

A Plaintiff cannot succeed on an allegation of racial discrimination in violation of the Equal Protection clause unless the plaintiff establishes that the defendant acted with discriminatory intent. See Washington v. Davis, 426 U.S. 229, 241 (1976)  (finding that a showing of discriminatory purpose is necessary to bring a claim of racial discrimination under

the equal protection component of the Due Process Clause of the Fifth Amendment or under the Equal Protection Clause of the Fourteenth Amendment). Because intent is an element of the claim, the plaintiff must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive.  Crawford-El v. Britton, 523 U.S. 574, 600 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998). Here plaintiff has produced no evidence to show that the officers acted with discriminatory intent other than his conclusory statements that the officers were racist.  His claims for violations of his equal protection rights should therefore be dismissed.  See  Brady v. Cheltenham Twp., Civ. A. No. 97-4655, 1998 U.S. Dist. LEXIS 4519, *20-21 (E.D.Pa. April 9, 1998)(citing several factors for consideration of discriminatory intent including evidence of a history of discriminatory actions by the individual officers or the police department, or that their conduct has had a history of disparate impact on minority groups, or showing that similarly situated citizens of a different race were treated differently.)

### D.    CONSPIRACY

Plaintiff has asserted claims pursuant to §§ 1985 and 1986 alleging that the officers conspired to deprive plaintiff of his Constitutional rights or failed to prevent other officers from engaging in such a conspiracy.  To prove conspiracy under § 1985(3), a plaintiff must show "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).  A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or

individuals. <u>Robinson v. McCorkle</u>, 462 F.2d 111, 113 (3d Cir. 1972) (citations and internal quotes omitted).

Although Plaintiff has alleged that a conspiracy existed among the individual Defendants, plaintiff has not produced any evidence, circumstantial or direct, that would support his claim under 42 U.S.C. § 1985(3).  As discussed above, plaintiff has adduced no evidence to meet the requirement of intentional discrimination.  Furthermore, plaintiff has produced no evidence of an actual conspiracy between any of the individual defendants. Without such evidence, Plaintiff's claims under §1985 fail.

The lack of evidence to support Plaintiff's cause of action pursuant to § 1985 are fatal to his § 1986 claims.  Section 1986 imposes liability on any officer that knows of a conspiracy, as set forth in §1985, and fails to prevent other officers from engaging in that conspiracy although he has an opportunity to.  42 U.S.C. § 1986.  The success of any claim under § 1986 is dependent upon the success of the underlying §1985 claim.  <u>Armstrong v. School Dist.</u>, 597 F. Supp. 1309, 1314(E.D. Pa. 1984)(citing <u>Rogin v. Bensalem Tp.</u>, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981).  As Plaintiff cannot succeed on his § 1985 claim, his § 1986 claim necessarily fails as well.

**E.    PLAINTIFF CANNOT SATISFY THE BURDEN OF PROOF ESTABLISHED BY THE SUPREME COURT IN <u>MONELL</u> AND IT'S PROGENY IN ORDER TO HOLD THE CITY OF PHILADELPHIA LIABLE.**

Even assuming, *arguendo*, that plaintiff's Constitutional rights were violated at all, plaintiff's claims against defendant The City of Philadelphia fail as a matter of law.  There is no *respondeat superior* liability under Section 1983.  A municipality can only be liable under § 1983 when the municipality itself causes the complained-of violation.  <u>Monell v. Department of</u>

Social Services, 436 U.S. 658 (1978).  To prevail against the City of Philadelphia under § 1983, the plaintiff must prove that his Constitutional rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens.  Estate of Henderson v. City of Philadelphia, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991)).  Under Monell, a municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury.  Monell, 436 U.S. at 694.  "A plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort."  Estate of Henderson, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish municipal liability under Monell, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered."  Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984); Martin v. City of Philadelphia, et al, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000). Furthermore, the plaintiff must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers."  Simmons, 947 F.2d at 1060-61.  "The requirement of producing scienter-like evidence on the part of an official with policymaking authority is consistent with the conclusion that absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of a policy, a custom, or [practice]."  Id. at 1063.  In addition, "in the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident."  House v. New Castle County, 824 F.Supp. 477, 486 (D.Del. 1993) (citing Oklahoma City v. Tuttle, 471 U.S.

808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action).

Absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail.  Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the failure to investigate other wrongdoings" and the incident in the case itself); Heron v. City of Philadelphia, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing claim for failure to show testimony or evidence demonstrating policymaker's awareness of questionable policy).

In the instant action, plaintiffs have failed to conduct any discovery whatsoever regarding municipal liability of any type.  Plaintiff has provided no evidence whatsoever that the incident was a result of any policy, practice, or custom.  Likewise, Plaintiff has produced no affirmative evidence that the City's alleged polices were a substantial factor in causing Plaintiffs' harm. Thus, all claims asserted against defendant The City of Philadelphia should fail as a matter of law.

## V.   __CONCLUSION__

For the reasons set forth above, the City of Philadelphia respectfully requests that this Court grant its motion for summary judgment on all claims asserted.

Date: October 29, 2010

Respectfully Submitted,

__ s/ Genelle Franklin __
Genelle Franklin
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19107

(215) 683-5444